THE NEW JERSEY TURNPIKE CO. v. HALL, ET AL.[*]

*Certiorari* in matter of Turnpike Gate.

Whenever a court or any person, acting under legal authority, is to act judicially, or to exercise a discretion in a matter affecting the rights of another, the party thus to be affected, is to have reasonable notice of the time and place when and where such act is to be done, to the end that he may be heard in defence, or for the protection of those rights.

*Hartwell* for plaintiff.

*Hamilton,* contra.

HORNBLOWER, C. J., delivered the opinion of the court. By a supplement to the act incorporating the New Jersey Turnpike Company, passed the 15th Feb. 1816, it is enacted that upon

[*] Decided orally at Sept. Term, 1839.

complaint made to a Justice of the Peace, who may be *disinterested*, that the road is out of repair, " he shall, at the expense of the Company, *in ten days after giving notice to the keeper of the nearest gate*, appoint by writing, under his hand and seal, three of the township committee of the township *adjoining, who shall be disinterested in the said road*," who, on notice given to the keeper of the " nearest gate," shall meet, and after taking an oath to act impartially, shall proceed, &c.

A complaint, in the manner directed by the statute, having been exhibited to the Justice on the 20th Dec., 1836, he issued a notice in writing, bearing date the same day, to " David Whitehead, gate keeper of the New Jersey Turnpike," informing him of the complaint, and concluding as follows : " You are therefore notified that said committee men will be appointed *after* ten days." This notice, as appears by an affidavit sent up with the papers, purporting to have been made before the Justice, on the 14*th of January*, 1837, was served on Whitehead on the 20*th December*, the same day it was issued. On the 6th of January, 1837, which was *seventeen* days after the *date* and *service* of the said notice, in the absence of the gate keeper, or any person on behalf of the Company, and as appears, before the Justice had any legal evidence, that the notice had been served, he, under his hand and seal, appointed three committee men, to view the road.

On the 9th of January, which was 20 days after the date and service of the notice of the complaint, the Justice directed another notice to the same gate keeper, informing him that three of the township committee, of the township of Readington, naming them, would meet, &c. on the 14th of January, 1837, at 10 A. M. and thence proceed immediately to view the road, &c.

On the 14th January, 1837, the committee met, were sworn, proceeded to view the road, and reported the same to be out of repair : whereupon, the Justice issued his mandate to the gate keeper, commanding him to open the gates and to keep them opened until otherwise ordered.

To set aside and quash this order, is the object of the plaintiff in *Certiorari*.

The objection is, that the notice to the gate keeper was irregular, and consequently the appointment of the committee men ex parte and unlawful.

Independent of the express provision in this statute, requiring a notice to be served on the *nearest* gate keeper, no principle or rule of action, is better settled at the common law, than that whenever a court or any person acting under legal authority, is to act judicially, or to exercise a discretion in a matter affecting the rights of another, the party thus to be affected, is to have reasonable notice of the time and place, when and where such act is to be done, to the end that he may be heard in defence, or for the protection of those rights. *See Youngs* v. *Overs. of Hardiston,* 2 *Green,* 520, and cases there cited by the court. It is insisted, however, in this case, 1st, that notice was given according to the statute, and 2dly, if not, the irregularity was cured by the appearance of the Company, by their counsel, before the committee. It is a sufficient answer to the latter suggestions, that the Company did not recognize the right of the committee to act in the premises, but objected to the regularity of their appointment, in which they were overruled. Was then the notice such as the law requires?

The statute directs, that the Justice, " *in ten days after giving notice,* shall appoint, &c." This is clearly equivalent to saying, " shall appoint, upon ten days notice given," or, " ten days after notice given." The construction contended for by the counsel of the defendants, that the Justice may at any time after ten days notice has been given of the complaint, proceed to make the appointment, would render the notice nugatory and useless. The notice is not only to be that a complaint has been made; but of the time and place when and where committee men will be appointed; and it is all important to the Turnpike Company, that they should have such notice. They would have a right to question the sufficiency of the complaint; the jurisdiction of the Justice; his disinterestedness; the validity of the notice, and the qualifications of the committee men: upon all these mattters and perhaps others, the Company had a right to be heard, and to have the judicial determination of the Justice.— The Justice in this case, did not even follow the words of the act —instead of saying that committee men would be appointed " in ten days after that notice," he gives notice that they would be appointed " after ten days "—that is, at any time and place he pleased to do so, after the expiration of ten days from the date of

the notice. And so the Justice undoubtedly understood it himself: for he did not make the appointment, at the end of ten days from the date, or from the service of the notice; but he made it sixteen days after the date and before he had any legal evidence that it had been served at all.

This was error, and the whole proceeding and order must be quashed and set aside.

NEVIUS, Justice, being a stockholder, gave no opinion.

*Order quashed.*